**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

SIKHS FOR JUSTICE "SFJ", INC., MICHAEL MASIH, HASIM ALI, and KULWINDER SINGH,

Plaintiffs,

v.

JOHN KERRY, in his official capacity as U.S. Secretary of State,

Defendant.

-----------------------------------------------------------x

15 Civ. 433 (LTS)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2761
Facsimile: (212) 637-2786

CHRISTOPHER CONNOLLY
Assistant United States Attorney
– Of Counsel –

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT—THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED ................2

A. The Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Claims...................2

B. Plaintiffs Fail to State Claims for Which Relief May be Granted ..........................6

CONCLUSION....................................................................................................8

## PRELIMINARY STATEMENT

Defendant John Kerry, in his official capacity as U.S. Secretary of State, by his attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this reply memorandum of law in further support of his motion (Dkt. # 23) to dismiss plaintiffs' First Amended Complaint (Dkt. # 20), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

As set forth in defendant's opening brief (Dkt. # 24) ("Def. Br."), the First Amended Complaint—which asks this Court to find that an Indian organization, Rashtriya Swayamsevak Sangh ("RSS"), qualifies as a "foreign terrorist organization" under 8 U.S.C. § 1189 and a "specially designated global terrorist" under Executive Order 13224, and compel the Secretary of State to designate it as such—is subject to dismissal on numerous grounds. First, this Court lacks subject-matter jurisdiction over plaintiffs' claims because (i) plaintiffs lack standing to bring such claims, *see* Def. Br. at 6-10; and (ii) even if plaintiffs had standing, their claims are barred by the political question doctrine, *see id.* at 10-13. Second, the First Amended Complaint fails to state a claim on which relief may be granted because (i) neither section 1189 nor Executive Order 13224 creates a private right of action for third parties, *see id.* at 13-16; (ii) plaintiffs are not entitled to a declaratory judgment under the Administrative Procedure Act ("APA") because section 1189(c) provides an alternative framework for judicial review that supplants the APA and, moreover, the statute lacks relevant standards that this Court could apply in evaluating the Secretary's discretionary actions, *see id.* at 16-18; and (iii) plaintiffs are not entitled to a writ of mandamus because neither section 1189 nor Executive Order 13224 imposes on the Secretary any duty, let alone a clear and non-discretionary duty, to designate an entity at a third party's request, *see id.* at 18.

The conclusory and largely unsupported arguments in plaintiffs' brief in opposition to defendants' motion (Dkt. # 25) ("Pls.' Br.") are meritless. At bottom, plaintiffs merely insist that RSS's alleged actions qualify it for designation under section 1189 and Executive Order 13224. But plaintiffs' belief that RSS should be designated as a foreign terrorist organization and specially designated global terrorist does not impose on the Secretary a duty to act in accordance with plaintiffs' request for such a designation, and it also does not provide this Court with a basis for compelling the Secretary to undertake a discretionary action that implicates important foreign affairs and national security considerations. Accordingly, the First Amended Complaint should be dismissed.

## ARGUMENT

## THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED

### A. The Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Claims

At the threshold, the Court lacks subject-matter jurisdiction over plaintiffs' claims because plaintiffs lack standing to assert those claims. To establish standing, plaintiffs must demonstrate (i) that they have suffered an injury—meaning an invasion of a legally protected interest—that is concrete, particularized, actual, and imminent; (ii) that there is a causal connection between their injury and the conduct about which they complain; and (iii) that it is likely, rather than merely speculative, that their injury will be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

As explained in defendant's opening brief, plaintiffs do not satisfy any of these requirements. Plaintiffs have not experienced an injury in fact because neither section 1189 nor Executive Order 13224 provides for third parties such as plaintiffs to nominate entities to be designated, let alone compels the Secretary to make such designations; thus, the fact that the

Secretary has not designated RSS pursuant to plaintiff Sikhs for Justice's ("SFJ's") December 2014 letter, and the fact that the Secretary has not responded to that letter, does not constitute an invasion of a legally protected interest held by plaintiffs. *See* Def. Br. at 7-8. Plaintiffs therefore cannot establish a causal connection between any legally cognizable injury and the conduct complained of, *i.e.*, the fact that the Secretary has not designated RSS. *See id.* at 8-9. Neither section 1189 nor Executive Order 13224 oblige the Secretary of State to make designations pursuant to requests from third parties; nor, for that matter, is the Secretary obliged to designate all entities that might arguably meet section 1189(a)'s or Executive Order 13224's requirements. Thus, plaintiffs have not suffered any legally cognizable injury that is "fairly traceable to the challenged action of the [Secretary]." *Bennett v. Spear*, 520 U.S. 154, 167 (1997) (citing *Lujan*, 504 U.S. at 560-61). Plaintiffs also cannot rely on the actions of RSS to establish standing, because those actions are not traceable to the Secretary. *See* Def. Br. at 9. Finally, even if a relevant injury existed—which it does not—it is speculative at best that the relief plaintiffs seek would remedy that injury, because RSS's response to being designated would be uncertain. *See id.* at 10.

In their brief, plaintiffs assert standing based solely on their claim that they have been harmed by the alleged actions of RSS. *See, e.g.,* Pls.' Br. at 11 ("Plaintiffs have suffered an injury in fact in the deaths of thousands of individuals who are of Sikh origin due to the massacres brought on by several groups in India, most notably RSS."), 13 ("[T]hese Plaintiffs have a direct causal connection and the conduct complained of by RSS has directly impacted their personal lives."). But this fundamentally misapprehends the standing requirements. Plaintiffs' allegations concerning RSS do not establish that plaintiffs possess a legally protected interest that has been harmed by the action or inaction of the Secretary. Indeed, there is no such

harm because neither section 1189 nor Executive Order 13224 provides third parties such as plaintiffs with a legally protected interest in the process by which the Secretary designates foreign terrorist organizations and specially designated foreign terrorists, respectively. *See* Def. Br. at 7-8. And even if plaintiffs could establish an injury in fact based on RSS's actions, they could not establish a causal connection between that injury and the action or inaction of the Secretary because causation requires "that the challenged acts of the defendant, not of some absent third party, will cause the particularized injury of the plaintiff." *Fla. Audobon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996).

Moreover, even if plaintiffs had standing to bring their claims—which they do not—the political question doctrine would still divest the Court of subject-matter jurisdiction over those claims. *See* Def. Br. at 10-13. To designate an entity as a foreign terrorist organization under section 1189, the Secretary must find, among other things, that "the terrorist activity or terrorism of the organization threatens the security of United States nationals or the national security of the United States." 8 U.S.C. § 1189(a)(1)(C). Similarly, under section 1(b) of Executive Order 13224, an entity may be named a specially designated global terrorist if the Secretary, in consultation with the Secretary of the Treasury and the Attorney General, concludes that it "ha[s] committed, or [ ] pose[s] a significant risk of committing, acts of terrorism that threaten the security of U.S. nationals or the national security, foreign policy, or economy of the United States." In considering challenges to designations brought by designated entities themselves—the only form of judicial review that section 1189 provides, *see* 8 U.S.C. § 1189(c)—the D.C. Circuit has made clear that whether a foreign organization threatens the security of U.S. nationals or the national security of the United States is a nonjusticiable political question. *See El-Shifa Pharm. Indus. Co. v. United States*, 607 F.3d 836, 843 (D.C. Cir. 2010); *People's Mojahedin*

*Org. of Iran v. U.S. Dep't of State*, 182 F.3d 17, 23 (D.C. Cir. 1999). In other words, this Court lacks jurisdiction to make one of the threshold findings that it would need to make in order to grant plaintiffs the relief they seek.

Plaintiffs' claim that the political question doctrine does not apply because they are seeking mandamus relief and a declaratory judgment, *see* Pls.' Br. at 4-5, is unsupported and wrong. None of the statutes that plaintiffs appear to cite in support of this proposition provide for the adjudication of otherwise nonjusticiable political questions. Further, the description of the political question doctrine in the case that plaintiffs cite, *Baker v. Carr*, 369 U.S. 186 (1962) (Pls.' Br. at 4), merely underscores its applicability here: the designation of entities as foreign terrorist organizations and specially designated global terrorists has plainly been entrusted to the Secretary; the relevant statute provides no standard for a court to evaluate the lack of a designation or to compel the Secretary to act at the behest of a third party; designation involves "initial policy determination[s] of a kind clearly for nonjudicial discretion"; and granting the relief plaintiffs seek would intrude on areas of foreign policy and national security that are entrusted to the Executive and Legislative branches. *See id.* at 217. Plaintiffs' attempt to distinguish the D.C. Circuit's decision in *El-Shifa*, *see* Pls.' Br. at 14-15, misses the mark; the *El-Shifa* court's holding that it "may not determine whether 'the terrorist activity of the organization threatens the security of United States nationals or the national security of the United States,'" 607 F.3d at 843, is directly on point with the issues raised in the instant matter. Finally, plaintiffs' assertions that a Court order compelling the Secretary to designate RSS "would affect domestic, not foreign policy," and "would simply implicate national security not be a direct challenge to such decisions," Pls.' Br. at 15, ignore the express language of the relevant provisions themselves. Both section 1189 and Executive Order 13224 ground the designation of

foreign terrorist organizations in foreign policy and national security considerations—precisely the types of areas into which federal courts are typically prohibited from venturing. *See, e.g.*, *In re Austrian & German Holocaust Litig.*, 250 F.3d 156, 163-64 (2d Cir. 2001).

**B. Plaintiffs Fail to State Claims for Which Relief May be Granted**

In addition to the jurisdictional grounds for dismissal, plaintiffs' First Amended Complaint fails to state claims for which relief may be granted. First, section 1189 does not create a private right of action allowing third parties to compel the Secretary to act pursuant to a request for designation. *See* Def. Br. at 13-16. Indeed, not only does the statute lack an express right of action, but such a right also may not be implied: there is simply no basis to conclude that, in vesting authority in section 1189 for the Secretary to designate entities as foreign terrorist organizations, Congress intended to allow third parties to compel the Secretary to take certain actions. *See id.* Likewise, the statutes pursuant to which Executive Order 13224 was issued also do not contain either express or implied rights of action for third parties. *See id.* at 15. Second, plaintiffs are not entitled to a declaratory judgment under the APA because, in providing for limited judicial review of the Secretary's designation decisions, section 1189(c) makes no provision for the type of review plaintiffs seek, and, moreover, the Secretary's decision about whether to designate an entity as a foreign terrorist organization is discretionary. *See id.* at 16-18. Finally, plaintiffs are not entitled to a writ of mandamus because neither section 1189 nor Executive Order 13224 imposes on the Secretary a duty, let alone a "clear nondiscretionary duty," *Escaler v. U.S. Citizenship & immigration Servs.*, 582 F.3d 288, 292 (2d Cir. 2009), to designate an entity at the request of a third party, *see id.* at 18.

Plaintiffs' brief offers no credible arguments that the First Amended Complaint states claims for which this Court may grant relief. Plaintiffs point to nothing in any of the relevant

statutory provisions supporting either an express or implied right of action. *See* Pls.' Br. at 18-19. Nor, for that matter, are plaintiffs' declaratory judgment and mandamus arguments availing. Their claim that the Secretary "abuse[d] [his] discretion in failing to act over a lawful request for designation" does not make out a claim for declaratory relief because section 1189 does not provide a "*meaningful standard* against which to judge the agency's exercise of discretion." *Lunney v. United States*, 319 F.3d 550, 558 (2d Cir. 2003). Instead, the statute entrusts the designation of foreign terrorist organizations to the Secretary, and the Secretary's findings in that regard implicate foreign affairs and national security questions that are not justiciable. *See* Def. Br. at 17-18. Nor have plaintiffs "shown a clear and nondiscretionary duty [owed] to them" by the Secretary. Pls.' Br. at 20. Indeed, nothing in either section 1189 or Executive Order 13224 imposes such a duty. Plaintiffs' entire argument rests on their own determination that RSS meets the criteria for being designated a foreign terrorist organization and a specially designated global terrorist. *See id.* at 7-12. But plaintiffs do not, and cannot, point to any legal authorities pursuant to which they may compel the Secretary to designate RSS, or pursuant to which this Court may direct the Secretary to make such designations.[1]

[1] Plaintiffs claim that defendant "scarcely mentions the International Religious Freedom Act," which they allege "has key elements addressed in Plaintiffs' First Amended Complaint." Pls.' Br. at 2. But as explained in defendant's opening brief, plaintiffs do not ground any of their claims in the IRFA and, even if they did, such claims would be meritless because the IRFA has no bearing on the Secretary's designation of entities as foreign terrorist organizations or specially designated global terrorists. Def. Br. at 16 n.1. In short, plaintiffs fail to state any claim based on the IRFA, let alone a claim on which relief may be granted.

**CONCLUSION**

For the foregoing reasons, and those set forth in defendant's opening brief, the First Amended Complaint should be dismissed.

Date: New York, New York
July 30, 2015

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By: /s/ Christopher Connolly
CHRISTOPHER CONNOLLY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2761
Fax: (212) 637-2786
christopher.connolly@usdoj.gov