UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SIKHS FOR JUSTICE "SFJ", INC.,
MICHEAL MASIH, HASIM ALI, and
KULWINDER SINGH,

        Plaintiffs,

  -v-                                      No.  15 CV 433-LTS

JOHN KERRY, in his official capacity as
U.S. Secretary of State,

        Defendant.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

        Before the Court is the motion of Defendant Secretary of State John Kerry ("Secretary Kerry" or "Defendant") to dismiss the First Amended Complaint (the "FAC") of Plaintiffs Sikhs for Justice "SFJ", Inc. ("SFJ"), Micheal Masih, Hasim Ali, and Kulwinder Singh (the "Individual Plaintiffs" and, collectively with SFJ, "Plaintiffs").[1]  Defendant moves to dismiss the FAC: (1) under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction; and (2) under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for which relief may be granted.  The Court has considered carefully both parties' submissions, and for the reasons below, grants Defendant's motion to dismiss the First Amended Complaint insofar as it seeks dismissal of the FAC under Federal Rule of Civil Procedure 12(b)(1).

---

[1] In Plaintiffs' opposition papers to this motion (see docket entry no. 25), they purport to substitute for the Individual Plaintiffs an individual named Asifbhai Vohra and a fictitious Jane Doe.  As Plaintiffs have not amended their pleadings to reflect this change, the Court captions this Memorandum Opinion and Order in a manner consistent with the FAC.  For the avoidance of doubt, however, nothing in Plaintiff's re-captioned opposition papers demonstrates that any of the Plaintiffs, actual or fictitious, has standing to pursue this action.

BACKGROUND

The following facts are taken from the FAC and are taken as true for the purposes of this motion.  (See docket entry no. 20 (FAC)).

Plaintiffs are an organization, SFJ, and three individuals.  SFJ is a non-profit human rights advocacy group.  (Id., p. 5.)  The Individual Plaintiffs are all "individuals belonging to religious minorities of India."  (Id., p. 2.)  All of the Individual Plaintiffs currently reside in the United States.  (Id., pp. 28-32.)  SFJ's members, their relatives and forbears, and the Individual Plaintiffs have suffered grievous injuries at the hands of Rashtriya Swayamsevak Sangh ("RSS"), which has allegedly carried out many acts of terrorism over the years.  (See,e.g., id., pp. 7-8, 10-12.)  Plaintiffs claim that RSS is "targeting the religious minorities of India," including members of the Sikh faith.  (Id., p. 4.)

Plaintiffs seek the designation of RSS as a foreign terrorist organization ("FTO") under 8 U.S.C. § 1189.  (FAC, p. 5-6.)  In December 2014, SFJ wrote to Secretary Kerry requesting that he designate RSS as an FTO pursuant to his authority under the statute.  (Id., p. 5.)  According to the FAC, which was filed in January 2015, the Secretary has not done so.  (Id., p. 34.)

Plaintiffs seek: (1) a declaratory judgment that Secretary Kerry "owes Plaintiff[s] a duty to designate RSS as a foreign terrorist organization and further that RSS is in fact a foreign terrorist organization" (id., p. 34), and (2) a writ of mandamus directing Secretary Kerry "to designate RSS as a foreign terrorist organization" (id., p. 35).

DISCUSSION

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  Makarova v. United States, 201 F.3d 110, 113 (2d

Cir. 2000). A case must be dismissed for lack of subject matter jurisdiction where "the district court lacks the statutory or constitutional power to adjudicate it." Id. To meet their burden of establishing that the district court has constitutional power to adjudicate a case, the plaintiffs must demonstrate that they have standing to assert their claim, such that the matter presents a "case[] or controvers[y]" within the meaning of Article III of the Constitution. Clapper v. Amnesty Int'l USA, 133 S.Ct. 1138, 1146 (2013).

Article III requires that a plaintiff demonstrate three things in order to establish standing: (1) an "injury in fact" that is "concrete and particularized," (2) a "causal connection between the injury and the conduct complained of," and (3) the ability of a "favorable decision" by the court to redress the plaintiff's injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

One of the key reasons for these requirements is "to prevent the judicial process from being used to usurp the powers of the political branches." Clapper, 133 S. Ct. at 1146. The Supreme Court has thus held that the standing inquiry must be "especially rigorous" when evaluating the actions of a coordinate branch of the federal government, and noted that standing is often lacking "in cases in which the Judiciary has been requested to review actions of the political branches in . . . foreign affairs." Id. at 1147.

The statute and Executive Order Plaintiffs rely upon provide for designation of an FTO by the Secretary solely upon findings of fact made by the Secretary at his discretion. See 8 U.S.C.S. § 1189(a)(1) (LexisNexis 2008) ("The Secretary is authorized to designate an organization as a foreign terrorist organization in accordance with this subsection if the Secretary finds that" certain statutory conditions are met (emphasis added)). Similarly, Executive Order 13224 establishes a category of specially designated global terrorists: "foreign persons

determined by the Secretary of State, in consultation with the Secretary of the Treasury and the Attorney General, to have committed, or to pose a significant risk of committing, acts of terrorism that threaten the security of U.S. nationals or the national security, foreign policy, or economy of the United States" (emphasis added).

Plaintiffs' request for declaratory and mandatory relief here - namely, for orders making factual determinations that the statute commits to the Secretary of State and directing the Secretary of State to take actions that the statute and executive order authorize, but do not require him to take - constitutes a request for an intervention by the Judiciary in the field of foreign affairs. Close scrutiny of the question of standing is therefore required.

Having considered carefully Plaintiffs' FAC and their arguments in opposition to this motion, the Court concludes that Plaintiffs have failed to make the requisite showing that they have standing to pursue their claims in this federal court. First, they have not demonstrated that they have suffered an "injury in fact" by reason of the Secretary's failure to designate RSS as an FTO that is "concrete and particularized." To be sure, the FAC sets forth in horrifying detail atrocities allegedly committed by the RSS and allegations that Plaintiffs have been injured by the RSS. It does not, however, demonstrate that the Secretary's failure to designate RSS as an FTO has resulted in any injury to any of the Plaintiffs. In particular, Plaintiffs' conclusory assertion that the Secretary has a duty to them to make the designation upon their submission of evidence of terroristic activity has no basis in the statute or in the Executive Order. Rather, the statute and the Executive Order commit the relevant factual findings to the Secretary and by their terms authorize, but do not require, the Secretary to make an FTO designation. Thus, Plaintiffs have not demonstrated that they have a "legally protected interest" in the designation that has been offended by the Secretary's failure to grant their request. Lujan, 504 U.S. at 560 (holding

that "injury in fact" prong of standing inquiry requires showing of "an invasion of a legally protected interest"); see also Evans v. Lynn, 537 F.2d 571, 598 (2d Cir. 1975) (stating that "[d]isagreement with government action or policy, however strongly felt, does not, standing alone, constitute an injury in the Constitutional sense which is cognizable in the federal courts and susceptible of remedy by the judicial branch" (internal quotation marks omitted)).

Having failed to show that they have a legally protected interest that has been injured, Plaintiffs are necessarily unable to meet the causation prong of the standing test.  Nor have they demonstrated that they have suffered or will suffer any injury that will be likely "redressed by a favorable decision." Lujan, 504 U.S. at 560.  An order mandating that the Secretary designate RSS and FTO will not remedy any wrongs that Plaintiffs or their loved ones have suffered in the past, nor is there anything other than a speculative prospect that a designation would prevent the RSS from injuring Plaintiffs in the future.  Plaintiffs do not have standing to sue and thus have failed to demonstrate that their action is a "case" or "controversy" within the meaning of Article III of the Constitution.

Plaintiffs' action must also be dismissed because it presents a political question that is outside the scope of "controversies" of which the Constitution grants the federal courts jurisdiction.  See Massachusetts v. EPA, 549 U.S. 497, 516 (2007) (holding that there is "no justiciable controversy . . . when parties seek adjudication of a political question").  The Supreme Court has stated that "[m]atters intimately related to foreign policy and national security are rarely proper subjects for judicial intervention." Haig v. Agee, 453 U.S. 280, 292 (1981); see also Baker v. Carr, 369 U.S. 186, 217 (1962).  While there are limited circumstances under which an organization that has itself been designated an FTO may challenge the Secretary's determination, see Ralls Corp. v. Cmte. on Foreign Inv. in U.S., 758 F.3d 296, 313-

14 (D.C. Cir. 2014), there is no justiciable question presented where the Secretary, in his discretion, declines to designate an organization under the statute.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss this action for lack of subject matter jurisdiction is granted.  This order terminates docket entry no. 23.

The Clerk of Court is respectfully requested to enter judgment dismissing the Complaint and close this case.  The initial pre-trial conference scheduled for December 11, 2015, is cancelled.

SO ORDERED.

Dated: New York, New York
December 3, 2015

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge