N.Y.S.D. Case #
15-cv-0433(LTS)

MANDATE

15-4018-cv
*Sikhs for Justice Inc. v. Kerry*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand sixteen.

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**
**DATE FILED:** December 1, 2016

PRESENT: DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges*,
RICHARD M. BERMAN,
*District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SIKHS FOR JUSTICE INCORPORATED, MICHAEL MASIH, HASIM ALI, KULWINDER SINGH,
*Plaintiffs-Appellants*,

v. 15-4018-cv

JOHN KERRY, in his official capacity as U.S. Secretary of State,
*Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

[*] The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 12/01/2016

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | GURPATWANT SINGH PANNUN, Pannun the Firm, P.C., Jackson Heights, New York. |
| FOR DEFENDANT-APPELLEE: | CHRISTOPHER CONNOLLY, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Sikhs for Justice Inc. ("SFJ"), Michael Masih, Hasim Ali, and Kulwinder Singh appeal a December 4, 2015 judgment of the district court dismissing their First Amended Complaint (the "Complaint"). By memorandum opinion and order dated December 3, 2015, the district court granted the motion of defendant Secretary of State John Kerry (the "Secretary") pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction. We assume the parties' familiarity with the Complaint, procedural history, and issues on appeal.

As alleged in the Complaint, SFJ is a not-for-profit organization that is "dedicated [to] advocacy of human rights particularly rights and issues pertaining to . . . religious minorities." D. App. 32. The other plaintiffs are Indian nationals residing in the United States who allege that they and their family members have been persecuted

on account of their Christian and Islamic religious beliefs by members of Rashtriya Swayamsevak Sangh ("RSS"), an Indian Hindu nationalist organization.

On December 24, 2014, SFJ sent a letter to the Secretary, urging him to designate RSS as a "foreign terrorist organization" under 8 U.S.C. § 1189 and a "Specifically Designated Global Terrorist" entity under Executive Order No. 13,224, 66 Fed. Reg. 49,079 (Sept. 23, 2001) ("EO 13224") and related federal statutes. When it received no response to its letter, SFJ and the other plaintiffs filed this lawsuit on January 21, 2015.

The Complaint alleges that RSS and certain of its members have harassed plaintiffs and their families and threatened to physically harm them if they do not convert to Hinduism. It further alleges that the Secretary owes a duty to plaintiffs to designate RSS as a foreign terrorist organization and a Specifically Designated Global Terrorist entity. His failure to do so allegedly breached such duty and injured plaintiffs.

The district court granted the Secretary's motion to dismiss on the grounds that the Complaint does not present a "case or controversy" under Article III of the Constitution because plaintiffs lack standing and their claims present a non-justiciable "political question." This appeal followed.

We review *de novo* a district court's dismissal for lack of subject matter jurisdiction. *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). To establish standing under Article III of the Constitution, plaintiffs must show that they suffered an

"injury in fact," a "causal connection" between the injury and the challenged conduct, and a likelihood that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury in fact must be both "particularized" -- *i.e.*, "it must affect the plaintiff in a personal and individual way" -- and "concrete" -- *i.e.*, "it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).

Federal law provides that the Secretary "is authorized to designate an organization as a foreign terrorist organization . . . if [he] finds that . . . the organization . . . engages in terrorist activity [which] threatens the security of United States nationals or the national security of the United States." 8 U.S.C. § 1189(a)(1)(B)-(C). Likewise, EO 13224 provides that any individual or entity "determined by the Secretary of State . . . to have committed, or to pose a significant risk of committing, acts of terrorism that threaten the security of U.S. nationals or the national security, foreign policy, or economy of the United States" may be designated as a "Specifically Designated Global Terrorist." EO 13224 § 1(b), pmbl. (citing United Nations Participation Act of 1945, 22 U.S.C. § 287c, National Emergencies Act, 50 U.S.C. § 1601 *et seq*., and International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq*.).

Assuming he makes the requisite findings, these provisions of federal law plainly authorize the Secretary to designate an entity as a terrorist organization, but the decision to do so is entirely discretionary. *See* 8 U.S.C. § 1189(a)(1) ("*authoriz[ing]* [the

Secretary] to designate" foreign terrorist organizations (emphasis added)); EO 13224 § 1(b) (blocking entities "*determined by* the Secretary" to be terrorist organizations (emphasis added)). While a "designated organization" may contest its designation in this regard, the Secretary owes no duty to so designate an organization at the request of another. *See* 8 U.S.C. § 1189(a)(4)(B), (c); EO 13224 § 9 ("Nothing contained in this order [creates] any right, benefit, or privilege, substantive or procedural, enforceable at law by a party against the United States, its agencies, officers, employees or any other person."). *Cf. United States v. Garavito-Garcia*, 827 F.3d 242, 250-51 (2d Cir. 2016) (noting in the criminal context that "once the Secretary's designation becomes effective, 'a defendant in a criminal action . . . shall not be permitted to raise any question concerning the validity of the issuance of such designation as a defense or an objection at any trial or hearing'" (citing 8 U.S.C. § 1189(a)(8)).

Here, plaintiffs have not demonstrated standing. They have not alleged a particularized or concrete injury in fact caused by the Secretary's failure to designate RSS as a terrorist organization. Moreover, plaintiffs' contention that such a designation would remedy the injuries they allege RSS has caused them is entirely speculative. The district court correctly held that plaintiffs lack standing.

Because we conclude that plaintiffs lack standing, we do not reach the question of whether their claims present only a non-justiciable political question.

We have reviewed plaintiffs' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit